### BOOL et v COLLISTER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14140. Decided Jan 14, 1935

McKeehan, Merrick, Arter & Stewart, Cleveland, and George William Cottrell, Cleveland, for appellants.

Frank T. Cullitan, Cleveland, and Margaret R. Lawrence, Cleveland, for appellees.

SHERICK, PJ, LEMERT and MONTGOMERY; JJ, (5th Dist) sitting by designation.

502

## OPINION

By SHERICK, PJ.

It is the theory, practice and purpose of our law that all property should bear its just and equal portion of the cost of government. To that end it has been sought by the enactment of various statutes to so prescribe, and to afford relief in certain cases.

By §2588 GC it is provided that "from time to time the County Auditor shall correct all errors which he discovers." It is not therein limited to the current year. §2588-1 GC is an enlargement of that power. Thereafter we find in the next two succeeding sections, §§2589 and 2590 GC, authority and relief granted to a taxpayer by refunder of taxes erroneously charged and collected. It then appears in §5604 GC that the Board of Revision may at any time inquire into the fact as to whether or not any property has escaped taxation not only for the current year but during the five year period next preceding. If it' so finds it shall report such fact to the County Auditor and the "auditor shall make such inquiries and corrections as he is authorized and required by law to make in other cases in which real and personal property has escaped taxation or has been improperly listed or valued for taxation." This section contemplates that the Board of Revision may do certain things, and if it does so act and find, then the county auditor "shall" proceed as ."in other cases." Surely this statutory command prescribes the doing of a definite act, that is, to correct errors or omissions that are so made to appear so that. the purpose and theory of the collection of taxes may be accomplished equally and rateably.

We next find that §5573 GC expressly enjoins upon the County Auditor that if he discover that any building or structure or part of either has been omitted he shall make addition thereof to the duplicate, not only for the current year, but the next preceding five year period as well. This section to our notion clearly warranted the County Auditor in doing just what he did do in the present instance.

Counsel for the appellee directs our attention to the case of **Foster v Fenton, Treasurer, 2 Weekly Law Bulletin, 54, 5 Ohio Decision Reprint, 427.** This case is directly in point and is in conformity to the present holding. It is therefore ordered that a decree be entered against the appellant. It is considered that no penalty for delinquency of payment of added tax for the five year period be imposed until the journalization of this decree.

LEMERT and MONTGOMERY, JJ, concur.